Matter of Emeagwali v Department of Educ. of the City of N.Y. (2025 NY Slip Op 05456)

Matter of Emeagwali v Department of Educ. of the City of N.Y.

2025 NY Slip Op 05456

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 161422/19|Appeal No. 4855|Case No. 2024-03072|

[*1]In the Matter of Patrick Emeagwali, Petitioner-Appellant,
v
The Department of Education of the City of New York, et al., Respondents-Respondents.

Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for respondents.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 11, 2024, denying the petition to annul respondents' determination, dated October 10, 2019, which denied petitioner's application for World Trade Center Retirement Benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly concluded that respondents' determination had a rational basis and was not arbitrary and capricious (see generally Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 277-278 [1972]). The record demonstrates that petitioner was not a member of the Teachers Retirement System (TRS) until 2005, when he purchased his prior service credit. At the time of petitioner's application to be entitled to World Trade Center retirement benefits (WTC benefits), the applicant must have been a member of the retirement system on 9/11/01 (Retirement and Social Security Law § 605[b][2],[b][3]). Petitioner provided no legal authority for his claim that his 2005 purchase of service credit backdated his TRS membership.
Moreover, respondents' finding that petitioner's activities in the vicinity of the World Trade Center on 9/11/01 assisting people by providing directions on how to get home or out of Manhattan on foot, were not part of World Trade Center "rescue, recovery and cleanup operations" and were not part of his job duties as a teacher, was also rationally based (Retirement and Social Security Law § 2[36][a], [e]) (see e.g. Matter of Salerno v Kelly , 139 ad3d 516 [1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025